IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| BOYD WHITWRIGHT, | ) | Cause No. CV 08-63-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| DWIGHT L. FONDREN, Warden, FCI Sandstone, | ) ) | |
| | ) | |
| Respondents. | ) | |

_____

On August 26, 2008, Petitioner Boyd Whitwright filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is a federal prisoner proceeding pro se.

Although the form petition invokes 28 U.S.C. § 2241, it also calls on the Petitioner to specify the "[n]ame and location of the court which entered the judgment of conviction under attack." See Pet. (doc. 1) at 1. All of the following questions, as well as Petitioner's responses, also indicate that he challenges his federal criminal conviction and sentence.

A petition under § 2241 is not a proper vehicle for such a challenge. 28 U.S.C. § 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

28 U.S.C. § 2255 para. 5.

A federal prisoner *must* proceed under § 2255 unless the remedy provided for in that section is, for some reason, inadequate or ineffective. See, e.g., Hayman v. United States, 342 U.S. 205, 214-19 (1952); Jones v. Squier, 195 F.2d 179, 180-81 (9th Cir. 1952); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (holding that, generally, "[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241.").[1] A court has no subject-matter jurisdiction to entertain an application for a writ of habeas corpus if the petitioner has or had an adequate and effective remedy under § 2255. See Lorentson v. Hood, 223 F.3d 950, 956 (9th Cir. 2000).

The remedy under § 2255 is not inadequate or ineffective merely because the statute of limitations has expired. See, e.g., Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (holding that § 2255 is not inadequate or ineffective where prisoner is denied leave to file second or successive motion); Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000) (holding that one-year limitations period does not render remedy inadequate or ineffective) (citing Swain v. Pressley, 430 U.S. 372, 381 (1977)). Therefore, there is no basis for the Court to find that Petitioner had no remedy under § 2255. His petition under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction. See

---

[1] There is an exception when a federal prisoner challenges the manner of execution of his sentence. See, e.g., Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895 n.2 (9th Cir. 1996) ("Cases involving habeas petitions by federal prisoners fall under section 2241, are less frequent and often challenge administration of parole, computation of good time credit, prison conditions and deportation or exclusion.") (citing James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2 (2nd ed. 1994)). The exception does not apply in this case. At any rate, this Court can never entertain a § 2241 petition by a federal prisoner, because there are no federal prison facilities in the District of Montana. Therefore, this Court would lack personal jurisdiction over the Warden, who is the only proper Respondent to a § 2241 petition. See, e.g. Rumsfeld v. Padilla, 542 U.S. 426, 439, 443 (2004).

Lorentson, 223 F.3d at 956.[2]

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED WITH PREJUDICE for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this <u>1st</u> day of October, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

---

[2] The Court will not consider whether a certificate of appealability should issue because a COA is not required for petitions filed under 28 U.S.C. § 2241 where, as here, the detention complained of arises out of process issued by a *federal* court. See 28 U.S.C. § 2253(c)(1)(A), (B).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3